IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JONATHAN MELENDEZ, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-131 |
| v. | |
| CPL. HARRIS; CPL. SAVAGE; GLYNN COUNTY DETENTION CENTER; and SHERIFF'S OFFICE OF GLYNN COUNTY, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendants Glynn County Detention Center and Sheriff's Office of Glynn County's Motion to Dismiss. Doc. 24. Plaintiff does not oppose Defendants' Motion. Doc. 29. For the following reasons, I **RECOMMEND** the Court **GRANT as unopposed** Defendants' Motion to Dismiss and **DISMISS** Defendants Glynn County Detention Center and Sheriff's Office of Glynn County from this case. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

**DISCUSSION**

I. **Defendants' Unopposed Motion to Dismiss**

Defendants Glynn County Detention Center and Sheriff's Office of Glynn County moved to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendants argue they are legal entities not subject to suit 42 U.S.C. § 1983. Doc. 24. Plaintiff does not oppose the dismissal of these Defendants. Doc. 29. Accordingly, the Court should **GRANT as unopposed** Defendants' Motion to Dismiss, doc. 24, and **DISMISS** Plaintiff's

claims against Defendants Glynn County Detention Center and Sheriff's Office of Glynn County. However, Plaintiff's claims against Defendants Cpl. Harris and Cpl. Savage should remain pending.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of these Defendants' Motion to Dismiss and Plaintiff's lack of opposition thereto, there are no non-frivolous issues to raise on appeal, and an appeal would

not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT as unopposed** Defendants' Motion to Dismiss and **DISMISS** Defendants Glynn County Detention Center and Sheriff's Office of Glynn County from this case. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 27th day of April, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA